IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

ROBERT D. HAUGHIE          :

   Petitioner          :

v.          :          Civil Action No. WDQ-13-3665

UNITED STATES OF AMERICA          :

   Respondent          :

o0o

MEMORANDUM

The above-styled case was filed on December 2, 2013, along with Motions for Leave to Proceed in Forma Pauperis, to Appoint Counsel and for Teleconference. ECF 1 – 4. Because he appears to be indigent, Petitioner's Motion to Proceed In Forma Pauperis shall be granted. Petitioner's Motion for Appointment of Counsel shall be denied as the Petition must be dismissed for the reasons set forth below. Petitioner's Motion for Teleconference shall be denied in part and granted in part.[1]

The Complaint purports to be filed pursuant to the Federal Tort Claims Act for the alleged tortious conduct of the Honorable Alexander Williams, a member of this Court. ECF 1. Petitioner seeks to recover damages from the United States for decisions made by Judge Williams finding "several" of Petitioner's civil actions frivolous and for requiring Petitioner to make monthly payments for filing fees imposed under 28 U.S.C. §1915. *Id.*

The claims asserted are simply a thinly veiled attempt to pursue civil damages prohibited by the doctrine of judicial immunity. The FTCA is a limited waiver of sovereign immunity

---

[1] Petitioner requests a teleconference regarding the merits of his Petition and states he has received no legal mail since April 10, 2010, due to a policy in place at Eastern Correctional Institution (ECI) "partially reading legal mail" and confiscating the envelopes for incoming legal mail. ECF No. 4. The Court is aware that Petitioner refuses acceptance of legal mail based on his objection to this policy; therefore, copies of this Memorandum and the accompanying Order shall be faxed to the number provided by Petitioner in his motion to insure he receives notice of this decision.

which makes the United States liable as a private person for certain torts committed by federal employees acting within the scope of their employment. *See United States v. Orleans*, 425 U.S. 807, 813 (1976). The United States, however, is liable "in the same manner and to the same extent as a private individual under like circumstances" under the FTCA only to the limited extent that it has waived sovereign immunity. 28 U.S.C. §§ 1346(b) & 2674. The decisions made by Judge Williams in Petitioner's cases are clearly acts that were within his judicial jurisdiction while presiding over those cases and, as such, are entitled to absolute judicial immunity. Thus, because Judge Williams is entitled to absolute immunity from civil damages for judicial decisions, the United States is also immune from suit for the alleged resulting damages. *See Tinsley v. Widener*, 150 F. Supp. 2d 7, 12 (D. D.C. 2001) (judicial immunity protects United States from FTCA suit).

The Complaint fails to state a claim upon which relief may be granted and is therefore frivolous. Under the provisions of 28 U.S.C. § 1915(e)(2) a case "shall be dismissed at any time if the court determines that- (A) the allegation of poverty is untrue; or (B) the action or appeal- (i)is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." Plaintiff is reminded that under 28 U.S.C. §1915(g) he will not be granted *in forma pauperis* status if he has "on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." A separate Order follows.

12/13/13
Date

William D. Quarles, Jr.
United States District Judge

2